UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| **NAKEYA WOODS**<br>    **Plaintiff**<br><br>v.<br><br>**NEW JERSEY AUTOMOTIVE ACCOUNT**<br>**MANAGEMENT CO., INC.**<br>    **Defendant** | CIVIL ACTION<br><br><br><br><br><br>MAY 6, 2010 |

## COMPLAINT

### I. INTRODUCTION

1. This is a suit brought by a consumer who has been harassed by the defendant through its debt collection activities. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes a pendent state law claim for intentional infliction of emotional distress.

### II. PARTIES

2. The plaintiff, Nakeya Woods, is a natural person residing in West Haven, Connecticut and is a consumer as defined by the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692a(3).

3. Defendant, New Jersey Automotive Account Management Co., Inc. ("NJ Auto"), is a foreign corporation located in New Jersey, is licensed by the Connecticut Department of Banking as a Consumer Collection Agency and is a debt collector as defined by FDCPA § 1692a(6).

### III. JURISDICTION

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over NJ Auto because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

7. Plaintiff had purchased an automobile and financed it through Condor Capital, and Condor Capital subsequently assigned the debt to NJ Auto for collection purposes.

8. On or around August 18, 2009, NJ Auto called Plaintiff's home and left a message, and around that same time NJ Auto called Plaintiff at her workplace, and they spoke.

9. During that conversation, NJ Auto demanded payment from Plaintiff, and Plaintiff requested that NJ Auto send her a copy of the underlying loan contract, and NJ Auto replied that it would not do so unless she made a payment arrangement; Plaintiff then requested verification of the debt, and NJ Auto replied that they were not Plaintiff's secretary and would not be sending verification, and that if Plaintiff failed to make a payment arrangement, then the account would be turned over to the legal department.

10. Plaintiff refused to make a payment arrangement with NJ Auto during the aforementioned conversation, however, on or around August 21, 2009, Plaintiff received in the mail from NJ Auto a copy of her loan contract with Condor Capital; no 1692g letter accompanied the copy of the loan contract.

11. NJ Auto called Plaintiff's workplace on or around October 2, 2009 and asked to speak with the payroll department, and that call was transferred to Plaintiff; NJ Auto asked Plaintiff whether her employer did payroll in-house, and Plaintiff confirmed that she in fact handled payroll in-house for her employer, and NJ Auto told Plaintiff that they were going to send her employer paperwork to garnish her wages.

12. On or around October 2, 2009, and very soon after the aforementioned call, NJ Auto again called Plaintiff's workplace, and this time they asked to speak with the owner; NJ Auto was transferred to and spoke with Frank Simmons, the owner of Plaintiff's workplace, and he confirmed with NJ Auto that payroll was handled in-house.

## V. CLAIMS FOR RELIEF

### CAUSES OF ACTION

### FIRST COUNT

**Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.**

13. Plaintiff incorporates Paragraphs 1- 12.

14. NJ Auto violated the FDCPA by representing that Plaintiff had to enter into a payment arrangement in order for Plaintiff to be able to receive her requested verification of the debt, by failing to send Plaintiff the required 1692g notice, by deceptively giving Plaintiff the false impression that her wages were about to be garnished, by falsely misrepresenting the imminence of legal action, and by making an unauthorized communication to Plaintiff's workplace and speaking with third parties within her workplace in an unauthorized manner.

15. For NJ Auto's violations of the Fair Debt Collection Practices Act as described above, the Plaintiff is entitled to recover her actual damages (including emotional distress damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## SECOND COUNT

### Intentional Infliction of Emotional Distress

16. Plaintiff incorporates Paragraphs 1-12.

17. NJ Auto knew, or reasonable should have known, that its conduct would likely cause emotional distress to Plaintiff.

18. NJ Auto's conduct did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress and anxiety.

19. NJ Auto's actions were willful, wanton and malicious, in that it intended to cause Plaintiff distress to induce Plaintiff to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

## THIRD COUNT

### Connecticut Unfair Trade Practices Act

20. Plaintiff incorporates Paragarphs 1-16.

21. NJ Auto's actions were unfair and deceptive and in violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*

22. Because NJ Auto's conduct has impacted Plaintiff at her workplace and has subjected her to illegal debt collection practices, requiring that she incur expenses in responding to same, and she has an ascertainable loss due to its CUTPA violations.§

WHEREFORE, the Plaintiff seeks recovery of monetary damages (including emotional distress damages) pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; actual damages, costs, attorney's fees, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g;  and such other relief as this Court deems appropriate.

PLAINTIFF, NAKEYA WOODS

By: _____
Daniel S. Blinn, Fed Bar No. ct02188
Matthew W. Graeber, Fed Bar No. ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd., Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457